# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

STEPHEN H. WHITT,

    Petitioner,

v.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:18-cv-00183
Judge James L. Graham
Chief Magistrate Judge Elizabeth P. Deavers

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner has filed a petition for a writ of habeas corpus under to 28 U.S.C. § 2254. This matter is before the Court on its own motion pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

Petitioner's *Motion for Leave to Proceed in forma pauperis* (ECF No. 1) is **GRANTED**. See 8 U.S.C. § 1915(a)(1).

Petitioner challenges his April 10, 2010, convictions after a jury trial in the Coshocton County Court of Common Pleas on charges of rape and gross sexual imposition. He is currently serving a sentence of thirty-four years to life incarceration. Petitioner asserts that the trial court lacked subject matter jurisdiction due to a fatal variance from the Indictment (claim one); that the Judgment Entry of sentence is void, and the appellate court lacked jurisdiction to consider the appeal (claim two); and that the trial court lacked subject matter jurisdiction, because venue was never established (claim three). However, this is not Petitioner's first federal habeas corpus petition in regard to his convictions. On August 15, 2002, Petitioner filed his first § 2254

petition. On August 7, 2014, the Court dismissed that action as procedurally defaulted and without merit. *Whitt v. Warden*, Case No. 2:12-cv-731. On February 11, 2015, Petitioner filed his second federal habeas corpus petition. On June 1, 2015, the Court transferred that action to the Court of Appeals for the Sixth Circuit as successive. *Whitt v. Warden*, Case No. 2:15-cv-560. On January 5, 2016, the Court of Appeals denied Petitioner's motion for leave to file a second or successive habeas petition. *See In re Stephen Whitt*, Case No. 15-3608 (6th Cir. Jan. 5, 2016). On February 7, 2017, Petitioner filed his third federal habeas corpus petition. On February 24, 2017, the Court transferred that action to the Sixth Circuit as successive. *Whitt v. Warden, Lebanon Corr. Inst.*, Case No. 2:17-cv-00110. On August 21, 2017, the Court of Appeals for the Sixth Circuit denied Petitioner's motion for authorization for the filing of a successive petition. *See In re Stephen Whitt*, Case No. 17-3200 (6th Cir. Aug. 21, 2017). Plainly, therefore, the present action constitutes a successive petition.

Again, 28 U.S.C. § 2244(b)(3)(A) states that before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*). Under § 2244(b)(3)(A), only a

circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Id*.

That being the case, this Court is without jurisdiction to entertain a second or successive § 2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if Petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims:*.

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*Id*. at 47.

Consequently, the Magistrate Judge **RECOMMENDS** this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendati*on will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

      _s/ *Elizabeth A. Preston Deavers*
      Elizabeth A. Preston Deavers
      Chief United States Magistrate Judge