**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**STEPHEN H. WHITT,**

                                     **Case No. 2:18-cv-00183**

       **Petitioner,**             **Judge James L. Graham**

                                     **Magistrate Judge Elizabeth P. Deavers**

       **v.**

**WARDEN, LEBANON
CORRECTIONAL INSTITUTION,**

       **Respondent.**

## OPINION AND ORDER

On March 12, 2018, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases recommending that this action be transferred to the United States Court of Appeals for the Sixth Circuit as successive. (ECF No. 4.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 5.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 5) is **OVERRULED**. The *Report and Recommendation* (ECF No. 4) is **ADOPTED** and **AFFIRMED**. This action is **TRANSFERRED** to the Sixth Circuit as a successive petition.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner objects to the Magistrate Judge's recommendation that this action be transferred to the Sixth Circuit for authorization for filing as a successive petition. Petitioner again argues that the charges against him were constitutionally invalid, and that he has been denied due process and equal protection. Petitioner asserts that he was convicted pursuant to a fatal variance, and that the judgment against him is illegal and void. He contends that this action does not constitute a successive petition under *Magwood v. Patterson*, 561 U.S. 320 (2010),

because he challenges the trial court's January 30, 2012, re-sentencing entry, and because he raises a claim based on a new rule of constitutional law that is retroactively applicable on collateral review. Petitioner requests that the Court take judicial notice of the documents he has attached to his *Objection,* and to portions of the state record.

In certain "limited circumstances, a § 2254 petition is not considered 'second or successive' within the meaning of § 2244(b) even though the petitioner filed a previous habeas application." *Storey v. Vasbinder*, 657 F.3d 372, 376 (6th Cir. 2011).

> For example, a habeas petition is not considered "second or successive" under § 2244(b) when the claim has been raised in a prior petition, but dismissed as unripe, although other claims in the initial petition were decided on the merits. *Stewart v. Martinez-Villareal,* 523 U.S. 637, 643–46, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998). Even if the claim was not presented in an earlier petition, a subsequent petition raising the claim does not constitute a "successive" petition for purposes of § 2244(b) if the claim would have been dismissed as unripe in the initial petition. *Panetti*, 551 U.S. at 945, 127 S.Ct. 2842. Nor do the successive petition restrictions apply if the first petition was dismissed for lack of exhaustion. *Slack*, 529 U.S. at 478, 487, 120 S.Ct. 1595. The restrictions also do not apply if an intervening state court judgment (such as a resentencing) occurred after the first habeas petition was decided. *Magwood,* 561 U.S. at 335, 339, 130 S.Ct. 2788; *King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015).

*In re Campbell*, 874 F.3d 454, 459 (6th Cir. 2017). In *Magwood,* 561 U.S. at 331-39, referred to by the Petitioner, the Supreme Court held that a habeas corpus petition is not successive where it is filed after the trial court conducts a re-sentencing hearing that results in the issuance of a new judgment against the Petitioner. *Id.* However, the re-sentencing entry Petitioner refers to occurred in January 2012, and prior to the filing of his first federal habeas corpus petition. See *Whitt v. Warden*, Case No. 2:12-cv-731. Moreover, as discussed by the Magistrate Judge, Petitioner thereafter filed two subsequent habeas corpus petitions challenging these same convictions, and has twice been denied authorization for the filing of a successive petition.

*Report and Recommendation* (ECF No. 4, PageID# 311.)  Under these circumstances, this action plainly constitutes a successive petition.  Moreover, as discussed, this Court therefore lacks jurisdiction to consider Petitioner's claims absent authorization from the Sixth Circuit Court of Appeals.  28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007).  Therefore, Petitioner's *Objection* (ECF No. 5) is **OVERRULED**.  His request for judicial notice is **DENIED**.  The *Report and Recommendation* (ECF No. 4) is **ADOPTED** and **AFFIRMED**.  This action is **TRANSFERRED** to the Sixth Circuit as a successive petition.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability.  "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court," *Jordan v. Fisher*, ––U.S. ––. ––, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' "  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)).  When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

This Court is not persuaded that reasonable jurists would debate this Court's decision transferring the case to the Court of Appeals as a successive petition. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith, and that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

**IT IS SO ORDERED**.

Date: March 30, 2018

                                        _____s/James L. Graham_____
                                        JAMES L. GRAHAM
                                        United States District Judge